UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JULIE SHERMAN,** | ) | CASE NO. 5:23CV2313 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **MEDMUTUAL LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the parties' Cross Motions for Judgment on the Administrative Record. (ECF DKT #21 & ECF DKT #22). For the following reasons, the Court grants judgment in favor of Defendant (ECF DKT #21) and against Plaintiff (ECF DKT #22) on Plaintiff's claim for accidental death benefits.

**I. BACKGROUND**

As a benefit of his employment at Park Ohio, decedent Zachary Sherman (Zachary) elected $35,000 in basic life insurance coverage and $189,000 in supplemental life insurance coverage, as well as $35,000 in basic accidental death and dismemberment (AD&D) coverage and $190,000 in supplemental AD&D coverage.

On the night of November 28, 2020, Zachary was driving a Suzuki ATV on a roadway in Marlboro Township with his wife, Plaintiff Julie Sherman, as a passenger. He lost control and drove off the road and into a ditch. Both were ejected and the ATV flipped over and landed on top of Zachary. Zachary was transported to Mercy Hospital with serious injuries and tragically passed

away on December 4, 2020.

Plaintiff submitted claims for life insurance benefits and AD&D insurance benefits. Defendant paid Plaintiff $224,000 in basic and supplemental life benefits plus interest; but denied her claim for accidental death benefits pursuant to the following exclusion:

> We will not pay any Accidental Death & Dismemberment benefits for a loss caused by or connected with . . . the Insured's being Intoxicated.

Plaintiff appealed the denial decision on March 31, 2021. Defendant denied Plaintiff's appeal on May 6, 2021.

Plaintiff filed the instant Complaint on December 4, 2023, for wrongful denial of accidental death benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1332.

Defendant asserts that Zachary's blood alcohol concentration level was 0.256 upon admission to the hospital. The legal level in Ohio is 0.08. The death certificate notes "alcohol intoxication" as a significant condition contributing to death; and the traffic crash report describes both Zachary and Plaintiff as under the influence of alcohol at the time of the accident.

Plaintiff argues that Zachary had recently purchased the ATV and was unfamiliar with driving it. Plaintiff also contends that Zachary lost control of the ATV when the tires struck gravel on the side of the roadway and "fishtailed."

## II. LAW AND ANALYSIS

In reviewing a denial of benefits by a plan administrator under 29 U.S.C. § 1132(a)(1)(B), a district court must "conduct its review based solely upon the administrative record." *Cooper v. Life Ins. Co. of North America*, 486 F.3d 157, 171 (6th Cir. 2007) (quoting *Wilkins v. Baptist*

*Healthcare Sys.*, Inc., 150 F.3d 609, 619 (6th Cir. 1998)). Under this standard, the court considers "only the facts known to the plan administrator at the time he made his decision." *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997) (quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996)).

Denials of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) are reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

If a plan affords such discretion to an administrator or fiduciary, the denial of benefits is reviewed only to determine if it were arbitrary and capricious. *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014).

In the instant matter, although Plaintiff believes that the deferential standard should be tempered because Defendant is authorized to both evaluate and pay submitted claims, she agrees that the arbitrary and capricious standard applies to her AD&D claim. (ECF DKT #22 at 6).

"A decision reviewed according to the arbitrary and capricious standard must be upheld if it results from a deliberate principled reasoning process and is supported by 'substantial evidence.' " *McClain*, 740 F.3d at 1064-1065, quoting *Schwalm v. Guardian Life Ins. Co. of America*, 626 F.3d 299, 308 (6th Cir. 2010); *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *McClain*, 740 F.3d at 1064-1065, quoting *Shields v. Reader's Digest Ass'n, Inc.*, 331 F.3d 536, 541 (6th Cir. 2003); *Davis v. Kentucky Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989).

"A decision is not arbitrary and capricious if it is based on a reasonable interpretation of the plan." *Shelby County Health Care Corp. v. Southern Council of Indus. Workers*, 203 F.3d 926, 933 (6th Cir. 2000) (citing *Johnson v. Eaton Corp.*, 970 F.2d 1569, 1574 (6th Cir. 1992)). "The district court must affirm an employer's or insurer's decision if evidence in the record reflects any reasonable explanation for the decision." *Clark v. Lennox Indus., Inc.*, 1994 WL 445222, at *1 (6th Cir. 1994) (citing *Davis*, 887 F.2d at 693–94). The court "must decide whether the administrator's decision was rational in light of the plan's provisions." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000).

Applying this deferential standard, a court "interpret[s] the provisions according to their plain meaning in an ordinary and popular sense." *Id.* at 711, citing *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998).

Indicia of arbitrary and capricious decisions include a lack of substantial evidence, a mistake of law, bad faith and a conflict of interest by the decision maker. *Toohig v. Nat'l City Corp. Amended and Restated Mgmt. Severance Plan*, No. 1:10 CV 657, 2011 WL 2456711, at *3 (N.D. Ohio June 16, 2011) (citing *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1282 (10th Cir. 2002)). Likewise, a decision based upon a selective review of the record or an incomplete record is arbitrary and capricious. *Moon v. Unum Provident Corp.*, 405 F.3d 373, 381 (6th Cir. 2005); *Vasu v. Am. United Life Ins. Co.*, 247 F.Supp.3d 867, 872 (N.D. Ohio 2017).

An administrator's rational interpretation of a plan must be accepted, "even in the face of an equally rational interpretation offered by the participants." *Morgan v. SKF USA, Inc.*, 385 F.3d 989, 992 (6th Cir. 2004).

The Court finds that the evidence in the record reasonably supports Defendant's decision;

and the denial of benefits is rational in light of the provisions in the AD&D policy.

A review of the administrative record reveals the facts that were known to Defendant at the time of the decision.

Plaintiff's counsel submitted a letter (dated March 31, 2021) appealing the denial of the Accidental Death claim for Zachary Sherman. (ECF DKT #19 at 131-135). The letter offers Plaintiff's position that alcohol was not the actual cause of Zachary's fatal accident. Plaintiff was a rear passenger on the vehicle when the accident occurred and she was the only witness. Plaintiff's account continues: "[W]hile traveling on the side of the roadway, the ATV tires struck gravel and fishtailed. Mr. Sherman attempted to correct the ATV but was ultimately unsuccessful and lost control. The ATV went off the roadway into a ditch, where it flipped and landed on top of him." The officer who provided the crash report "was not present at the time of the accident and did not actually witness the accident occur, therefore, he is unable to conclude with certainty that intoxication contributed to the accident." Plaintiff's appeal letter also adds that, "while Mr. Sherman had significant experience driving ATVs, he had purchased the ATV involved in the accident only two weeks prior and was not particularly familiar with driving it."

Defendant points to the following evidence in the record:

The Traffic Crash Report (ECF DKT #19 at 24-31) indicates that this was a single-vehicle accident; the accident occurred at night but on a lighted roadway; the weather was clear; the road surface was straight, dry, blacktop, bituminous asphalt. The reporting officer cited Zachary for "failure to control." With regard to both Zachary and Plaintiff, the officer indicated they were likely under the influence of alcohol.

According to the Death Certificate (ECF DKT #19 at 22), the immediate cause of death

was massive blunt force trauma to the head and chest. Other significant conditions contributing to the death were: "alcohol intoxication, ATV rollover, unbelted, no helmet."

In the summary of the Coroner's Investigation (ECF DKT #19 at 137), the chief investigator describes the incident and lists the serious injuries Zachary suffered. The Stark County Coroner identifies the manner of death as "Accident." The cause of death is set forth in two-parts: " I. Massive blunt force trauma to head and chest; II. Alcohol intoxication, ATV rollover, unbelted, no helmet." The Coroner's signature is at the bottom of the page. (ECF DKT #19 at 138).

Plaintiff's explanation for the accident is offered in the appeal letter sent to Defendant by her attorney on law firm letterhead. (ECF DKT #19 at 131-135). Plaintiff does not provide her own sworn witness statement nor any authenticated evidence of when the ATV was purchased or Zachary's experience operating such vehicles. Plaintiff asserts that the ATV struck gravel and lost control; but the Traffic Crash Report does not mention gravel; although the form has a box for conditions and surface in which "gravel" could have been selected. (ECF DKT #19 at 24).

As previously noted, the Court must affirm "if **evidence in the record** reflects any reasonable explanation for the decision." *Clark v. Lennox Indus., Inc.*, 1994 WL 445222, at *1 (citing *Davis*, 887 F.2d at 693–94) (emphasis added). Upon comprehensive review of the record and even crediting Plaintiff's account, the Court finds that Defendant rationally decided to deny AD&D benefits because the accident was linked to Zachary's intoxication.

The relevant Policy Limitation recites that Defendant will not pay AD&D benefits for a loss "caused by or connected with" the Insured's being intoxicated. The Merriam Webster definition of "connected" is: "1. joined or linked together; 2. having the parts or elements logically linked together."

Under the deferential standard applicable here, the Court must interpret the Limitation provision according to its "plain meaning in an ordinary and popular sense." *Williams*, 227 F.3d at 711, citing *Perez,* 150 F.3d at 556. Therefore, the Court holds that Defendant's denial of AD& D benefits was neither arbitrary nor capricious because the record contains evidence linking or connecting Zachary's intoxication to his death.

### III. CONCLUSION

For these reasons, the Court grants judgment on the Administrative Record in favor of Defendant MedMutual Life Insurance Company (ECF DKT #21) and against Plaintiff Julie Sherman (ECF DKT #22) on Plaintiff's claim for accidental death benefits and dismisses Plaintiff's Complaint.

**IT IS SO ORDERED.**

**DATE: 9/19/2024**     **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**